# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 16-CR-20798-SCOLA

**UNITED STATES OF AMERICA,**

    vs.

**JUNIOR JEROME,**

        **Defendant.**

_____/

## UNITED STATES' RESPONSE TO DEFENDANT'S MOTION FOR COMPASSIONATE RELEASE

The United States of America, by and through the undersigned Assistant United States Attorney, hereby files this response to Defendant's Motion for Compassionate Release (DE 121). Defendant Junior Jerome has filed a motion asking this Court to reduce his sentence of imprisonment under 18 U.S.C. § 3582(c)(1)(A) and order his immediate release, relying in part on the threat posed by the COVID-19 pandemic. The Defendant's health and wellbeing are of paramount concern. As such, the United States does not oppose Defendant's motion for compassionate release.

### A. BACKGROUND

On October 20, 2016, a federal grand jury in the Southern District of Florida returned a two-count indictment charging Jerome and two co-defendants with conspiracy to possess with intent to distribute 500 grams or more of cocaine, and possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1) (DE 3). The defendant was arrested on April 18, 2017, and he had his initial appearance on April 19, 2017 (DE 8). The

1

defendant was ordered detained pending trial (DE 35).  On October 10, 2017, the defendant entered a guilty plea to Count 1 of the indictment pursuant to a plea agreement with the government (DE 83, 84, 85).

Based on the factual proffer, the defendant was held responsible for more than 5 kilograms, but less than 15 kilograms of cocaine in the Presentence Investigation Report ("PSR"), at ¶ 35.  In addition, the defendant was found to have seven criminal history points and was in criminal history category IV.  PSR at ¶¶ 36-49, 85.  Based on an adjusted offense level of 27, and criminal history category IV, the advisory guideline range was 100 to 125 months in prison.  PSR at ¶ 85.  On December 15, 2017, the Court varied downward from the advisory guideline range and sentenced the defendant to a prison term of 60 months, followed by four years of supervised release (DE 105).

On August 5, 2020, the defendant filed a compassionate release request to the warden based on the risk to his health posed by the COVID-19 pandemic.  Defendant's RIS Request to BOP is attached.  To date, the warden at the defendant's institution has not responded to his request for compassionate release.  On October 8, 2020, the defendant filed this motion under the First Step Act requesting his immediate release (DE 121).

## B.  LEGAL FRAMEWORK

Under 18 U.S.C. § 3582(c)(1)(A), this Court may, in certain circumstances, grant a defendant's motion to reduce his term of imprisonment. Before filing that motion, however, the defendant must first request that BOP file such a motion on his behalf. § 3582(c)(1)(A). A court may grant the defendant's own motion for a reduction in his sentence only if the motion was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after 30 days have passed "from the

receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

If that exhaustion requirement is met, a court may reduce the defendant's term of imprisonment "after considering the factors set forth in [18 U.S.C. § 3553(a)]" if the Court finds, as relevant here, that (i) "extraordinary and compelling reasons warrant such a reduction" and (ii) "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A)(i). As the movant, the defendant bears the burden to establish that he is eligible for a sentence reduction. *United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016); *United States v. Green*, 764 F.3d 1352, 1356 (11th Cir. 2014).

The Sentencing Commission has issued a policy statement addressing reduction of sentences under § 3582(c)(1)(A). As relevant here, the policy statement provides that a court may reduce the term of imprisonment after considering the § 3553(a) factors if the Court finds that (i) "extraordinary and compelling reasons warrant the reduction;" (ii) "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (iii) "the reduction is consistent with this policy statement." U.S.S.G. 1B1.13.[1]

The policy statement includes an application note that specifies the types of medical conditions that qualify as "extraordinary and compelling reasons." First, that standard is met if the defendant is "suffering from a terminal illness," such as "metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, [or] advanced dementia." U.S.S.G.

---

[1] The policy statement refers only to motions filed by the BOP Director. That is because the policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not entitled to file motions under § 3582(c). *See* First Step Act of 2018, Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5239; *cf.* 18 U.S.C. § 3582(c) (2012). In light of the statutory command that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A)(ii), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the policy statement applies to motions filed by defendants as well.

1B1.13, cmt. n.1(A)(i). Second, the standard is met if the defendant is: (1) suffering from a serious physical or medical condition; (2) suffering from a serious functional or cognitive impairment; or (3) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover. U.S.S.G. 1B1.13, cmt. n.1(A)(ii). The application note also sets out other conditions and characteristics that qualify as "extraordinary and compelling reasons" related to the defendant's age and family circumstances. U.S.S.G. 1B1.13, cmt. n.1(B)-(C). Finally, the note recognizes the possibility that BOP could identify other grounds that amount to "extraordinary and compelling reasons." U.S.S.G. 1B1.13, cmt. n.1(D).

### C. ARGUMENT

The defendant submitted his request for compassionate release on August 5, 2020. More than 30 days have passed. Therefore, the exhaustion requirement has been satisfied.

Moreover, the United States believes that the defendant has met his burden of showing that extraordinary and compelling reasons exist that warrant a reduction in his sentence. The defendant's medical records indicate that he currently suffers from type 2 diabetes, has hyperlipidemia, and that he is borderline obese with a body mass index ("BMI") of 29. The Centers for Disease Control ("CDC") advises that certain medical conditions, such as type 2 diabetes, elevates an individual's risk of becoming seriously ill from COVID-19. The CDC also advises that a person who is overweight, but has a BMI under 30, might be at an increased risk for severe illness from COVID-19. Thus, the defendant has met his burden of showing extraordinary and compelling reasons for his release because of the increased risk to his health caused by the COVID-19 pandemic.

Turning to the section 3553(a) factors, the defendant does have a significant criminal history. However, the defendant does not have any convictions that involve a crime of violence. The defendant has served 42 months of his 60-month prison sentence, and his release date is scheduled for June 29, 2020, which is eight months away. Finally, the defendant is not a United States citizen and is subject to deportation or removal upon his release.

### D. CONCLUSION

For these reasons, the United States does not oppose the defendant's motion for compassionate release.

Respectfully submitted,

ARIANA FAJARDO ORSHAN
UNITED STATES ATTORNEY

By:  *s/Aimee C. Jimenez*
Aimee C. Jimenez
Assistant United States Attorney
Court ID No. A5500795
99 NE 4th Street
Miami, Florida 33132
Telephone: (305) 961-9028
Aimee.jimenez@usdoj.gov

### Certificate of Service

I certify that on October 21, 2020, I electronically filed this document with the Clerk of Court using the CM/ECF system and a copy was sent to the defendant, Junior Jerome, Reg. No. 14670-104, at FCI Victorville Medium, P.O. Box 3850, Adelanto, CA 92301.

*/s/ Aimee C. Jimenez*
Aimee C. Jimenez
Assistant United States Attorney