United States District Court
for the
Southern District of Florida

| | |
|---|---|
| United States of America, <br> Plaintiff <br><br> v. <br><br> Junior Jerome, <br> USM No. 14670-104 <br> Defendant. | Criminal Case No. 16-20798-CR-Scola |

### Opinion on Defendant's Motion for Compassionate Release

Now before the Court is the Defendant Junior Jerome unopposed motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1), requesting that the Court release Jerome from prison due to threat posed by the Covid-19 pandemic. As stated in the Court's earlier order (ECF No. 123), the Court granted Jerome's motion and now follows-up with "a more reasoned opinion."

On October 10, 2017, Jerome pled guilty to one count of conspiracy to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846. (ECF No. 83.) On December 15, 2017, the Court sentenced Jerome to 60 months' imprisonment, followed by four years of supervised release. (ECF No. 105.) The Defendant has served 70% of his sentence and now moves for compassionate release on the basis that his medical conditions put him at a high risk of contracting a severe case of COVID-19. The government does not oppose Jerome's motion. (ECF No. 122, at 5.)

Section 3582 allows the Court to consider a defendant's motion for compassionate release "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C.A. § 3582(c)(1)(A). The government acknowledges that Jerome submitted his request for compassionate release on August 5, 2020 and more than 30 days have passed since he submitted his request. (ECF No. 122, at 4.) In light of this fact, the government concedes that Jerome has satisfied the exhaustion requirement required by Section 3582. (ECF No. 122, at 4.)

Turning to the relevant Sentencing Guidelines Policy Statement, the Court "may reduce a term of imprisonment . . . if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent they are applicable, the court determines that. . . extraordinary and compelling reasons warrant a reduction." U.S.S.G.

§ 1B1.13. The Court must also find that the defendant "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." *Id.* at policy stmt. Based on this framework, in order to qualify for compassionate release, the Court must find extraordinary and compelling reasons warrant Jerome's release, that he is not a danger to the community, and consider the factors in 18 U.S.C. § 3553(a).

If an inmate has a chronic medical condition that has been identified by the Centers for Disease Control as elevating an inmate's risk of becoming seriously ill from COVID-19, that condition may constitute "extraordinary and compelling reasons" for his release. Here, the Defendant suffers from several health conditions that increase his risk of a severe case of COVID-19. (ECF No. 122 at 4.) The government concedes, and the court agrees that Jerome has shown his health conditions present extraordinary and compelling reasons warranting his release from prison. (ECF No. 122, at 4.)

While Jerome has shown extraordinary and compelling reasons warranting his release are present, the Court must also find that he does not present a danger to his community and consider the § 3553(a) factors. Here, the nature and circumstances of the offense and the history and characteristics of the offender, coupled with the need to ensure adequate punishment, deterrence and community protection, do not warrant his continued incarceration. The Defendant does not have a history of committing violent offenses, nor does he pose a danger to the community. Further, the Defendant has served 42 months of his 60-month prison sentence, and his release date is scheduled for June 29, 2020, which is eight months away.

Having reviewed the relevant briefing, authorities, and otherwise being advised of the premises of this matter, this Court finds, after having considered the § 3553(a) factors, that extraordinary and compelling reasons warrant an immediate reduction in Jerome's sentence to time served and that he is not a danger to the safety of any other person or to the community. For these reasons, the Court granted Jerome's motion. (ECF No. 123.)

**Done and ordered** at Miami, Florida, on November 5, 2020.

Robert N. Scola, Jr.
United States District Judge